(No. 3670— ▆▆▆▆▆▆▆▆▆▆▆)

BERNICE MARX, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1942.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed in this court, December 10, 1941, by claimant, Bernice Marx, of Hinsdale, on her own behalf as widow and on behalf of Robert Glenn Marx, aged two years, son of Glenn B. Marx, deceased.

The complaint states that Glenn B. Marx was, on November 12, 1941, employed as a Maintenance Patrolman in the Division of Highways, Department of Public Works and

Buildings of the State of Illinois, the respondent. That on said above date, while in the course of his employment on Route 66, in DuPage County, Illinois, he was injured by a passing automobile, and died instantly; that he was survived by his widow, the claimant, and his two year old son, dependents. His monthly earnings, prior to his death were $125.00. That an ambulance and doctor were immediately called to the scene, but claimant does not have knowledge as to whether they were paid for by the State.

The record under consideration consists of claimant's complaint, the stipulation between the parties hereto, including a report of the Division of Highways, and the respondent's statement, brief and argument, the claimant's having been waived.

Under Rule 21 of this court the report of the Division of Highways filed in this case is prima facie evidence of the facts set forth therein.

The said report of the Division of Highways, dated December 31, 1941, confirms the manner in which the accident occurred. It states that deceased, while attempting to enter respondent's truck on U. S. Route 66, a short distance east of S. B. I. Route 83, at about 1:45 P. M., on November 12, 1941, for the purpose of moving forward to patch the pavement, he was struck by an on-coming automobile, dying almost instantly. The report further states that at the time of the fatal accident, the deceased was in the course of his employment and also that said accident arose out of his employment. It is not disputed that claimant and her son were fully dependent on deceased for support.

Upon a full consideration of this case the court finds it has jurisdiction of the parties hereto and of the subject matter; that the respondent had proper notice of the accident and death of claimant's intestate and application for adjustment of claim was filed in apt time as provided under Section 24 of the Act.

This court has decided in a number of cases, that an employee of the respondent, engaged as a highway maintenance patrolman, is such an employee of the State as is entitled to the benefits of the Illinois Workmen's Compensation Act, and are controlling in the present claim.

*Church et al* vs. *State,* 7 C. C. R. 256.
*Lightner* vs. *State,* 8 C. C. R. 354.

*Ferguson* vs. *State*, 8 C. C. R. 589.
*Lavelle et al* vs. *State*, 10 C. C. R. 252.
*Casey* vs. *State*, 10 C. C. R. 517.
*Amy Brokmyer* vs. *State*, No. 3425, decided May 15, 1940.
*Edith Roberts* vs. *State*, No. 3469, decided May 15, 1940.

The deceased had been paid by respondent for seven and one-third (7⅓) months at the rate of $125.00 per month, and his predecessor for more than a year prior to deceased's employment at the rate of $135.00 per month, totaling $1,546.66 annual earnings during the year immediately prior to his death, making his average weekly wage $29.74 and compensation rate $16.25 as provided under Sections 8, (j), 3 and 8 (1) of the Workmen's Compensation Act.

Invoking Section 7 (A) and 8 (h) 3, first paragraph and Section 7 (K), for the benefit of the widow and child, Robert Glenn Marx, the court finds an award is justified in the amount of $4,895.00 consisting of the items of $4,000.00 for the widow; $450.00 additional for the one child, and ten per cent of the total of the above last two amounts or $445.00 as provided by amendment to Section 8, Paragraph (L) since this accident occurred subsequent to July 1, 1941, making a total amount of $4,895.00.

The court further finds that the respondent has paid Ruchty and Mann Funeral Directors, of Hinsdale, $10.00 for ambulance service, and paid Dr. P. A. Isherwood his bill in full.

An award is hereby made in favor of claimant, Bernice Marx, in the sum of $4,895.00, payable at the rate of $16.25 per week.

The amount of $211.25 has accrued as earned compensation for thirteen (13) weeks from the date of the death to February 11, 1942, and claimant is therefore entitled to payment at this time in the sum of Two Hundred Eleven Dollars and Twenty-five Cents ($211.25), with future monthly payments to be made to her for her use and that of her child, Robert Glenn Marx, on the basis of Sixteen Dollars and Twenty-five Cents ($16.25) per week for two hundred eighty-eight (288) weeks, until the further sum of Four Thousand Six Hundred Eighty ($4,680.00) Dollars, has been paid to her, with an additional final payment of Three Dollars and Seventy-five Cents ($3.75), making a total of Four Thousand Eight Hundred Ninety-five ($4,895.00) Dollars. Such future payments being subject to the terms of the Workmen's Com-

pensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.